**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JONATHON VELA #2299526** | § | |
| | § | |
| **V.** | § | **A-21-CV-355-RP** |
| | § | |
| **INTERNAL REVENUE SERVICE** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Statement of the Case**

Before the Court is Plaintiff Jonathon Vela's civil rights complaint. Plaintiff is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division and has been granted leave to proceed *in forma pauperis*.

Plaintiff complains the Internal Revenue Service (IRS) sent his Economic Impact Payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020) to the Texas Child Support Division without his consent to pay back child support. Plaintiff claims the total amount of the checks sent to the Child Support Division was $1,800. Plaintiff requests the Court to order the IRS to mail all three Economic Impact Payments

1

to him at the prison. Attached to Plaintiff's complaint was a letter from the IRS acknowledging it received Plaintiff's 2019 tax return and requesting him to verify his identity.

Plaintiff signed his complaint on April 18, 2021, and filed it in the United States District Court for the Southern District of Texas. The Southern District of Texas received the complaint on April 21, 2021, and transferred it to this Court the following day.

Upon receipt of the complaint, the Court ordered Plaintiff to file a more definite statement. The Court ordered Plaintiff to explain how his constitutional rights were violated when his first Economic Impact Payment was sent to the Child Support Division to pay back child support. The Court explained by its terms the CARES Act expressly provides that the Economic Impact Payment of up to $1,200.00 per person cannot be offset against the kinds of debts expressly identified in Section 2201(d)(1) to (d)(3) of the Act. However, child support obligations are not one of the debts excepted from setoff. Accordingly, the stimulus payment may be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code. *See* 26 U.S.C. §§ 6402(c) (2019), 26 U.S.C. § 6428 (2020).

The Court also ordered Plaintiff to provide the Court with the letter from the IRS that indicated his second Economic Impact Payment was sent to the Child Support Division. The Court noted the second Economic Impact Payment is not subject to being garnished to satisfy unpaid child support obligations.

The Court directed Plaintiff to explain the steps he took to prove his identity as requested by the IRS. The Court further directed Plaintiff to provide the date on which he filed his 2020 tax return and to explain how his constitutional rights were violated by his failure to receive his third Economic Impact Payment in approximately one month after the payments were authorized.

2

Plaintiff filed a more definite statement as ordered by the Court.  Plaintiff admits the first Economic Impact Payment of $1,200 was legally sent to satisfy an unpaid child support obligation. He clarifies that he is requesting the Court to order the payment of the second Economic Impact Payment in the amount of $600.  He provides the Court with a letter from the U.S. Department of Treasury indicating that $1,800, the amount of both the first and second Economic Impact Payments, was sent to the Child Support Division.  Plaintiff indicates in February 2021 he called the IRS and followed the steps to prove his identity and filed his 2020 tax return shortly thereafter, claiming a recovery rebate credit. Plaintiff denies including a claim in his original complaint for the third Economic Impact Payment, which he has now received.

In light of Plaintiff's more definite statement, the Court construes his complaint as only seeking the payment of his second Economic Impact Payment in the amount of $600.

## II. Discussion and Analysis

1.    <u>Standard of Review</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

      2.   <u>Tax Refund Request</u>

The CARES Act established a tax credit to eligible individuals and is an advance refund of the tax imposed under subtitle A of the tax code. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021 (2020).  The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Id.* (quoting 28 U.S.C. § 6428(f)(1)).  Therefore, the Act provides "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Scholl*, 489 F. Supp. 3d at 1021.

Pursuant to 28 U.S.C. § 1346(a), the United States consents to be sued in the district court for refund of taxes.  But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been

duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS. *United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008); *see* 26 U.S.C. § 7422(a). To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010).

While Plaintiff alleges he filed a 2019 tax return and claimed a recovery rebate credit on his 2020 tax return, he fails to allege he filed an administrative claim as required by section 7422(a) of the Internal Revenue Code. Because Plaintiff has not exhausted his administrative remedies, the Court lacks jurisdiction over Plaintiff's request for a tax refund at this time.

3.   Constitutional Violations

To the extent Plaintiff is suing the IRS for violations of his constitutional rights his claims are barred by sovereign immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding no direct cause of action for damages against federal agency because of sovereign immunity).

## IV. Recommendation

It is therefore recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

5

## V. Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 15, 2021.

_____

MARK  LANE
UNITED STATES MAGISTRATE JUDGE